UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 23-cv-24173-BLOOM/TORRES

VIKRAM SINGH,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY DISCOVERY

Defendant, Carnival Corporation, d/b/a Carnival Cruise Line, ("Carnival"), replies to Plaintiff's Response to Defendant's Motion to Stay Discovery [ECF No. 30], and states:

Plaintiff's Response is almost entirely a copy/paste of his response to Carnival's Motion to Compel Arbitration. In fact, the only substantive change that Plaintiff made from pages 1 through 11 of the Response was to add paragraph 3, which was on page 1. *Compare* ECF No. 23 *with* ECF No. 30. That said, Carnival does not address those arguments here because it already did so in its fully-briefed Motion to Compel Arbitration. *See* ECF Nos. 19 and 24.

    **I.**    **The Court should take a preliminary peek at Carnival's Motion to Compel Arbitration.**

Despite what Plaintiff claims in the Response, *Chudasama* is on point. While Carnival's Motion to Compel Arbitration is not exactly a motion to dismiss, it could eventually be dispositive. As the parties agreed, Plaintiff's claims should be arbitrated and it is up to the arbitrator to decided the issue of arbitrability. If the arbitrator decides that this case is arbitrable,

the case will be arbitrated and will not be litigated in this Court. A preliminary peek at Carnival's Motion to Compel Arbitration is thus permitted.

In Response, Plaintiff relies almost entirely on *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 493959 (S.D. Fla. Feb. 10, 2021). Plaintiff's reliance on the *Jackson* case is, however, misplaced and frankly, misleading to the Court. His choice is interesting, given that this Court wrote the *Jackson* opinion. In his lengthy block quote, Plaintiff omitted the key, distinguishing factor in *Jackson*, which is that there was no motion pending before the court. He then represented to this Court that the *Jackson* order <u>required</u> a pending motion to dismiss before it would address a motion to stay discovery. That is an incorrect interpretation of the case.

In *Jackson*, the defendants moved to stay discovery in <u>anticipation</u> of filing a motion to dismiss the plaintiffs' <u>forthcoming</u> second amended complaint. *Id.* at *1. The Court was "unable to assess the allegations" at issue because the plaintiffs had "yet to file their amended pleading." *Id.* The defendants had not yet filed a motion to dismiss and therefore there was "nothing for the Court to take a preliminary peek at[.]" *Id.* (internal quotations omitted). The Court went on to state that "[w]ithout the benefit of Plaintiffs' pleading and full briefing on Defendants' anticipated motion to dismiss, the instant Motion falls well short of placing the Court in a position to determine that a motion to dismiss by the Defendants would be both granted and case dispositive." *Id.* The Court also noted that the defendants had not demonstrated any prejudice they would suffer if discovery continued. *Id.* Furthermore, the Court informed the parties that "[t]he Court will address any motion to dismiss filed by Defendants in due course, but for now, discovery may proceed."

In the instant case, there is a motion that will dispose of the case, for now, until an arbitrator determines the issue of arbitrability. In support of its Motion to Stay Discovery,

Carnival cited numerous cases in this District where courts granted a motion to stay discovery pending a motion to compel arbitration. *See, e.g., Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, No. 16-81719-CIV, 2017 WL 7794599, at *1 (S.D. Fla. Feb. 24, 2017) (hereinafter, "*Internaves*") (granting motion to stay discovery pending motion to compel arbitration because of "judicial economy" and because "Defendants might also be prejudiced by participating in discovery."), *cited in Brooks v. Event Ent. Grp., Inc.*, No. 20-22185-CIV, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020) ("The Court agrees '[i]t would be a waste of time and expense to require the [p]arties to exchange documents and interrogatories and depose witnesses when the Court may very well determine that the contract requires an arbitrator to resolve this dispute.'"); *In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001) ("[T]he Court does find in its discretion sufficient justification to stay discovery for a limited period of time while the Court rules on the [defendant's] motions to dismiss and to compel arbitration . . . ."). Plaintiff did not address any of these cases and instead cited some out of district cases which mention that a motion to stay discovery is generally disfavored absent a showing of good cause or prejudice.

Carnival demonstrated good cause and made an adequate showing of prejudice here. Specifically, in support, Carnival argued that it would be a waste of time and expense to engage in discovery at this stage. Plaintiff served fifteen interrogatories and forty-six requests for production. In addition, on February 13, 2024, Plaintiff served a request for Carnival's 30(b)(6) deposition. The deposition was unilaterally-set for March 14, 2024, and contains areas of inquiry and a *duces tecum*. Not staying discovery would be prejudicial to Carnival because it would circumvent the parties' agreement to limit discovery and other costs associated with litigation. *See* ECF No. 19-1. Plaintiff's conduct is exactly what the Eleventh Circuit has cited as in favor

CASE NO.: 23-cv-24173-BB

of staying discovery. *See Inman v. American Paramount Financial*, 517 F. App'x 744, 749 (11th Cir. 2013) ("[D]elaying a ruling on a motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.'") A stay of discovery pending Carnival's Motion to Compel Arbitration would conserve the resources of the Court and the parties and would not prejudice Plaintiff.

WHEREFORE, Defendant, Carnival Corporation, requests that the Court enter a stay of discovery until resolution of Defendant's Motion to Compel Arbitration and to Stay, [ECF No. 19], and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone:    (305) 377-3770
Facsimile:      (305) 377-0080

By: */s/ William Seitz*
    WILLIAM R. SEITZ
    Florida Bar No. 73928
    wseitz@maselaw.com
    CHARLOTTE A. ROBINSON
    Florida Bar No. 1039863
    crobinson@maselaw.com