UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 23-cv-24173-BLOOM/TORRES

VIKRAM SINGH,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO DISCOVERY PROTECTIVE ORDER

Defendant, Carnival Corporation, d/b/a Carnival Cruise Line, ("Carnival"), responds to Plaintiff's Objection to February 29, 2024, Magistrate Ruling on Defendant's Motion for Protective Order on Discovery (the "Objection") [ECF No. 34].

### INTRODUCTION

On September 8, 2022, Plaintiff signed an agreement to join the *Carnival Luminosa* for employment as the Chief Security Officer. *See* Motion to Compel Arbitration and to Stay [ECF No 19, Ex. 1 at p. 1 ("Seafarer's Agreement")]. In consideration for the offer of employment, Plaintiff agreed to "each and every term and condition" in the Seafarer's Agreement. *See id.* at p. 2. On page 4 of the Terms and Conditions, in Paragraph 9, Plaintiff agreed to arbitrate the issue of arbitrability. Nevertheless, Plaintiff filed this lawsuit and, after Carnival filed its Motion to Compel Arbitration and Stay, Plaintiff served written discovery and a notice of taking the deposition unilaterally setting the deposition of Carnival's Corporate Representative. In turn, Carnival filed a Motion to Stay Discovery [ECF No. 27] and sought protection [ECF No. 28]

from the pending discovery pursuant to the Court's discovery procedures.[1] Chief Magistrate Judge Torres granted Carnival's request for protective order pending this Court's adjudication of the Motion to Compel Arbitration and to Stay [ECF No. 19] and Motion to Stay Discovery [ECF No. 27].[2]

As part of Chief Magistrate Judge Torres' analysis of the request for protective order, he "took a peak" at the underlying Motion to Compel Arbitration and Stay to determine whether it appeared substantially likely that Carnival would prevail, and he held that it appeared so. His analysis focused on *Henry Schein, Inc. v. Archer and While Sales, Inc.*, 139 S.Ct. 524, 530-31 (2019), which is the progeny of *Rent-a-Center West, Inc. vs. Jackson*, 561 U.S. 63, 67 (2010) that is discussed in the Motion to Compel Arbitration and Stay. Both cases are controlling Supreme Court precedent holding that when the parties' contract delegates the *arbitrability question* to an arbitrator, like the contract at issue here, the courts must respect the parties' decision as embodied in the contract. Accordingly, because Chief Magistrate Judge Torres followed the Supreme Court precedent to determine that it was likely that the Motion to Compel Arbitration and Stay would be granted, his protective order was not clearly erroneous or contrary to the law and should not be set aside.

I.    **Legal Standard**

Chief Magistrate Judge Torres' protective order can only be set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72; *Wausa Underwriters Ins. Co. v. Danfoss,*

---

[1] The Notice of Taking Deposition of Corporate Representative was not mentioned in the Motion for Hearing [ECF No. 28] because it was not served until after the Motion. It was addressed at the hearing and subject to the protective order.

[2] The Motion to Compel Arbitration and to Stay [ECF No. 19, 23, and 24] and Motion to Stay Discovery [ECF No. 27, 30, and 31] are fully briefed. The issues addressed herein are mostly, if not wholly, addressed in the briefing to these motions. Carnival adopts its positions in these briefs without re-arguing them in their entirety.

*LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). Neither of which applies for the reasons stated herein.

### II. **It was proper to stay discovery and enter a protective order pending adjudication Motion to Compel Arbitration and Stay**.

Under Federal Rule of Civil Procedure 26, district courts have broad discretion in staying discovery when a motion to dismiss, or like motion, is pending, especially when unnecessary burdens and costs can be avoided. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–68 (11th Cir. 1997). *See also* Motion to Stay Discovery [ECF No. 27]. Defendant requested such relief in its Motion to Compel Arbitration and Stay and in its Motion to Stay Discovery, both of which pend before this Court. Because Plaintiff served discovery in the form of requests for production, interrogatories, and a notice of deposition of Carnival's Corporate Representative, Defendant also sought protection from Chief Magistrate Judge Torres pursuant to the Court's discovery procedures.

Chief Magistrate Judge Torres had authority to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) to avoid undue burden or expense. *See* Reply to Plaintiff's Response to Motion to Stay Discovery [ECF No. 31] (containing multiple citations to authority for the Court's ability to enter such a protective order).

As part of the analysis, Chief Magistrate Judge Torres analyzed Carnival's chances of prevailing on the pending Motion to Compel Arbitration and Stay. This issue is analyzed at length in the pending motions, and the bases for same are incorporated herein.

### III. **Plaintiff attempts to reargue the issues in the Motion to Compel Arbitration and Stay and impermissibly assert new grounds in opposition not raised in his Response.**

Plaintiff reargues issues addressed at length in the briefing of Carnival's Motion to Compel Arbitration and Stay [ECF No. 19]. Plaintiff asserts that intentional tort claims by

seaman are not subject to arbitration. [ECF No. 34, p. 1]. This is not the issue before the Court. Plaintiff misses the point here much like he does in his Response [ECF No. 34, p. 2, ¶ 9] to the Motion to Compel Arbitration and Stay [ECF No. 19]. Carnival asserts that the parties have an agreement to arbitrate the issue of arbitrability, and the Court should therefore stay this action and compel arbitration so that an arbitrator can decide whether Plaintiff's single claim in the Complaint is arbitrable. [ECF No. 19, p. 4].

This is what distinguishes this case from *Maglana, et al. v. Celebrity Cruises, Inc.*, No. 20-14206, 2022 WL 3134373 (11th Cir. Aug. 5, 2022) and *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011). *See* Reply [ECF No. 24] to Response to Motion to Compel Arbitration and Stay. Unlike defendants in *Maglana* and *Doe*, Carnival is not asking the Court to decide whether Plaintiff's intentional tort claims arose from, is connected with, or is related to Plaintiff's employment. Carnival has not asked the Court to determine whether the dispute is subject to arbitration or to determine whether specific causes of action are arbitrable. Instead, Carnival is arguing only that the responsibility of determining enforceability of the arbitration agreement belongs to the arbitrator.

Plaintiff now argues for the first time that Carnival waived its position that it is only asking the Court to compel the case to arbitration so the Arbitrator can determine arbitrability because the Motion to Compel Arbitration and Stay asked this Court to "compel arbitration." [ECF No. 34, p. 2]. Plaintiff ignores the full context of the Motion to Compel and Stay. Carnival unequivocally states that: "The Court should therefore stay this federal litigation and compel arbitration so that an arbitrator can decide whether Plaintiff's single claim in the Complaint is arbitrable." [ECF 19. P. 4]. Carnival again states in its Reply that: "Carnival is arguing **only** that the responsibility of determining enforceability of the arbitration agreement belongs to an

arbitrator – which, as noted in Carnival's motion, is permissible delegation under binding law. *See Rent-a-Center West, Inc. vs. Jackson*, 561 U.S. 63, 67 (2010)." [ECF No 24, p.4]. Therefore, Carnival did not invite potential error or waive its basis to compel arbitration and stay the case.

Chief Magistrate Judge Torres was correct in recognizing that the Supreme Court's holding in *Henry Schein* means Carnival is substantially likely to succeed on its motion to compel. *See* 139 S. Ct. 530–31 (citing *Rent-a-Center West*, 561 U.S. at 68). The Supreme Court held in both *Henry Schein* and *Rent-a-Center West* that parties are permitted to agree to arbitrate the gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy. *See Rent-a-Center West*, 561 U.S. at 68-69. If there is an agreement to arbitrate the issue of arbitrability, then the Federal Arbitration Act operates on this additional arbitration agreement just as it does on any other. *See id*. at 70. The Supreme Court reaffirmed these principles in *Henry Schein*, 139 S.Ct. at 530-31, which is the case Chief Magistrate Judge Torres analyzed at length during the hearing.

The Supreme Court in *Henry Schein* rejected a line of cases decided after *Rent-a-Center West* that created a "wholly groundless" exception, which Chief Magistrate Judge Torres considered and properly rejected. The now-overruled cases generally held that if a motion to compel arbitration is wholly groundless, then a court can deny compelling arbitration regardless of whether the parties delegated the decision to an arbitrator. The Supreme Court disagreed with this line of reasoning and held that there is no such exception:

> In sum, we reject the "wholly groundless" exception. The exception is inconsistent with the statutory text and with our precedent. It confuses the question of who decides arbitrability with the separate question of who prevails on arbitrability. When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract.

*Id.*

Plaintiff addresses *Henry Schein* and *Rent-a-Car West* for the first time in his Objection, despite Carnival addressing *Rent-a-Car West* in its Motion to Compel Arbitration and Stay. *See generally* Response [ECF No. 23]. Plaintiff also argues for the first time in his Objection that the arbitration provision in the Seafarer's Agreement does not clearly and unmistakably delegate the question of arbitrability to the Arbitrator. [ECF No. 34, p. 2, ¶ 9]. Plaintiff's argument is waived for not having been raised in Response to the Motion to Compel Arbitration and Stay. *United States v. Campbell,* 26 F.4th 860, 873 (11th Cir. 2022) (en banc); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012); *In re Engidi*, 571 F.3d 1156, 1163 (11th Cir. 2009). Plaintiff's argument is also incorrect. Here, the parties' agreement to arbitrate arbitrability was clear and unmistakable that the Arbitrator shall adjudicate the provision to arbitrate:

> **Arbitration. Except for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes, arising out of or in connection with this Agreement or Seafarer's service on the vessel, no matter how described, pleaded, or styled including but not limited to constitutional, statutory, common law, admiralty, personal injury, intentional tort, contract, equitable claims, claims of injury, medical and lodging benefits claims, inadequacy or improper care claims, or employment disputes, whether accruing prior to, during or after the execution of this Agreement, shall be resolved by final and binding arbitration on an individual basis. In addition, Seafarer agrees to arbitrate on an individual basis any and all disputes regarding the existence, validity, termination or enforceability of any term or provision in this Agreement, *including but not limited to this provision to arbitrate*. . . . The seat of the arbitration and the final hearing shall be either in Panama City, Panama or Manila, Philippines whichever is closer to Seafarer's home country.**

*See* [ECF No. 19, Ex. 1 at p. 6 (bold in original; italics added for emphasis)]. The provision clearly and unmistakably states that the "Seafarer agrees to arbitrate…termination and enforceability of any term or provision in this agreement, including but not limited to the provision to arbitrate…" Accordingly, the Motion to Compel Arbitration and Stay should be granted, and the protective order should remain in effect until the Court adjudicates that motion.

### IV. The arbitration provision in the Seafarer's Agreement applies all the same even if it calls for the application of Bahamian substantive law.

Plaintiff appears to raise an issue in opposition to the Motion to Compel Arbitration and Stay in his Objection for the first time that there is some purported issue with the Arbitrator determining arbitrability because the Seafarer's Agreement called for the application of Bahamian law: the Seafarer's Agreement requires the application of the law of the flag of the ship, which is flagged in the Bahamas. [ECF 34, p. 2, ¶ 9]. This was not raised in the Response [ECF No 23] to the Motion to Compel Arbitration and Stay and should be deemed waived. *Campbell,* 26 F.4th at 873; *Hamilton*, 680 F.3d at 1319; *In re Engidi*, 571 F.3d at 1163.

Nevertheless, it is of no moment that the Seafarer's Agreement requires the application of Bahamian law. The Eleventh Circuit has considered the issue several times, including specifically the application of Panamanian and Bahamian law to foreign cruise line crewmembers. *Cvoro v, Carnival Corporation*, 941 F.3d 487, 497-503 (11th Cir. 2019) (holding that the application of Panamanian law that does not recognize a claim for U.S. Jones Act negligence was not so inadequate that enforcement of the arbitration provision would be fundamentally unfair) (citing *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 83-84 (11th Cir. 2011) (rejecting plaintiff's challenge to the arbitration agreement as being void as against public policy because he would be prevented from asserting his Jones Act claim under Bahamian law)). The Eleventh Circuit upheld the cruise lines' Seafarer Agreements and choice provisions.

The Eleventh Circuit surveyed the applicable law and "distilled from the Supreme Court precedents several overarching themes applicable to agreements requiring the application of non-American law in international arbitrations":

> (1)   Courts should apply a strong presumption in favor of enforcement of arbitration and choice clauses;

(2)     U.S. statutory claims are arbitrable, unless Congress has specifically legislated otherwise;

(3)     Choice-of-law clauses may be enforced even if the substantive law applied in arbitration potentially provides reduced remedies (or fewer defenses) than those available under U.S. law; and

(4)     Even if a contract expressly says that foreign law governs…courts should not invalidate an arbitration agreement at the arbitration enforcement stage on the basis of speculation about what the arbitrator will do, as there will be a later opportunity to review any arbitral award.

*Cvoro*, 941 F.3d at 498. Citing the Supreme Court, the Eleventh Circuit stated that: "The Supreme Court has admonished: 'To determine that American standards of fairness'…must [apply]…demeans the standards of justice elsewhere in the world, and unnecessarily exalts the primacy of the United States law over the laws of other Countries." *Id*. (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 517 n.11 (1974)). The Eleventh Circuit went on to state: "Indeed, as we intimated in *Lindo*, United States public policy does not necessarily disfavor applying foreign law during arbitration, even when the foreign law provides a seaman with reduced or different remedies than those available under U.S. law." *Id*. (citing *Lindo*, 652 F.3d at 1264-69, 1283-85). In *Cvoro*, even though the seaman was deprived of a potential U.S. statutory Jones Act claim under Panamanian law, the Eleventh Circuit upheld the choice provision in the agreement. *See id*. at 503-504. Accordingly, the fact that the Seafarer's Agreement requires the application of Bahamian law to a foreign seaman does not invalidate the arbitration provision, including the provision that the issue of arbitrability is to be determined by the Arbitrator.

Plaintiff did not raise any issue with respect to the application of Bahamian law in response to the Motion to Compel Arbitration and Stay. Therefore, it was waived.

Finally, Carnival again notes that it is only asking the Court to grant the relief requested in the Motion to Compel Arbitration.

CASE NO.: 23-cv-24173-BB

## V. Order memorializing protective order.

Plaintiff raises an issue that Carnival did not submit an order memorializing the protective order within two days of the hearing. Carnival acknowledges that the discovery procedures state that a party shall file a motion for entry of an order within two days. Undersigned counsel has had other hearings before Chief Magistrate Judge Torres where he said that an order was only necessary if one of the parties so requested. Carnival acknowledges that was not said at the hearing on the protective order. Carnival realized the error once Plaintiff's counsel pointed it out in the Objection. Carnival filed the required motion and submitted the proposed protective order to Chief Magistrate Judge Torres.

WHEREFORE, Defendant, Carnival Corporation, requests that the Court deny Plaintiff's Objection.

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone:    (305) 377-3770
Facsimile:    (305) 377-0080

By: */s/ William Seitz*
   CURTIS J. MASE
   Florida Bar No. 478083
   cmase@maselaw.com
   WILLIAM R. SEITZ
   Florida Bar No. 73928
   wseitz@maselaw.com
   CHARLOTTE A. ROBINSON
   Florida Bar No. 1039863
   crobinson@maselaw.com