UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24173-BLOOM/Torres

VIKRAM SINGH,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*d/b/a* Carnival Cruise Lines

    Defendant.
_____/

## OMNIBUS ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION, DEFENDANT'S MOTION TO STAY DISCOVERY, AND PLAINTIFF'S OBJECTION TO FEBRUARY 28, 2024 MAGISTRATE'S RULING

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Arbitration and to Stay, ("Motion to Compel"), ECF No. [19]. Plaintiff filed a Response in Opposition, ECF No. [23], and Defendant filed a Reply, ECF No. [24]. Defendant thereafter filed a Motion to Stay Discovery, ECF No. [27], Plaintiff filed a Response in Opposition, ECF No. [30], and Defendant filed a Reply, ECF No. [31]. Chief Magistrate Edwin Torres held a discovery hearing on February 28, 2024, addressing Defendant's Motion for Protective Order seeking protection from responding to interrogatories and requests for production served by Plaintiff. At that hearing, Judge Torres granted Defendant's Motion for Protective Order and encouraged the parties to file an appeal, ("Order") ECF No. [37]; *see* ("Transcript"), ECF No. [40] at 41, and the Plaintiff did so, *see* ("Objection") ECF No. [34]. Thereafter, Defendant filed a Response, ("Objection") ECF No. [36], and Plaintiff filed a Reply, ECF No. [39].[1]

---

[1] The Local Rules related to an Appeal of a Magistrate Judge's order on a non-dispositive matter provide for an Objection and a Response. A Reply is not provided for. S.D. Fla. Mag. L.R. 4(a)(1).

The Court has considered the Motions, the record in the case, and is otherwise fully advised. For the reasons that follow, Defendant's Motion to Compel is granted; Defendant's Motion to Stay Discovery is denied as moot; Judge Torres' Order is affirmed, and the Court overrules Plaintiff's Objection.

## I. BACKGROUND

On November 1, 2023, Plaintiff initiated this action against Defendant alleging one claim: intentional infliction of emotional distress, ("Complaint"), ECF No. [1]. Plaintiff was an employee of Defendant who served as the Chief Security Officer of Defendant's vessel, the *Luminosa*, on September 8, 2022. *Id*. ¶ 7. By November 30, 2022, Plaintiff developed pain in his left heel allegedly due to excessive time on his feet while performing his duties. *Id*. ¶ 8. Defendant eventually arranged for Plaintiff to be seen by a doctor in Queensland, Australia on March 2, 2023. *Id*. However, before the scheduled appointment, Plaintiff received an email on February 19, 2023, instructing him to disembark and fly to Defendant's headquarters in Miami, Florida "to work with the new Security Training Specialists." *Id*. ¶ 9. On February 20, 2023, Plaintiff received a threatening text message about his trip to Miami. The next day, Plaintiff arrived at Defendant's headquarters and was confronted by his supervisors to address allegations that he improperly touched a female employee and introduced her to Captain Carmelo Marino. *Id*. ¶ 12. Plaintiff alleges the supervisors asked him to write a written statement, but unsatisfied, forced Plaintiff to write another statement dictated by an investigator. *Id*.

Plaintiff was then ordered home and arrived in India on February 25, 2023. Plaintiff corresponded with several of the supervisors regarding the investigation, and by February 27, 2023, Plaintiff emailed one of the supervisors about an incident wherein a different Captain "seduced" his former wife while a passenger. *Id*. ¶ 14. Rather than conduct an honest and good

faith investigation, Plaintiff thereafter received an email instructing him to retire which would be reflected in his record. *Id.*; *see* ECF No. [1] at 37.

Plaintiff alleges he was wrongfully terminated and callously abandoned by Defendant who refused to provide him medical care in violation of U.S. law, Panamanian law, and international law. *Id.* ¶ 17. Plaintiff argues he was he was summoned to Miami under false pretenses during a time he needed medical attention; this was extreme and outrageous conduct which caused him emotional distress. *Id.* ¶¶ 17-18.

Defendant filed its Motion to Compel on January 2, 2024, noting that in the Seafarer's Agreement signed on September 8, 2022, Plaintiff not only agreed to be employed as the Chief Security Officer, but "agreed to arbitrate the issue of arbitrability." ECF No. [19] at 1. Therefore, Defendant seeks this Court to compel arbitration and stay the proceedings. Plaintiff responds that the Eleventh Circuit has conclusively held intentional tort claims are not subject to arbitration. ECF No. [23] at 1. Defendant replies that it seeks only what was stipulated to in the Seafarer's Agreement, and Plaintiff has no affirmative defense to challenge enforcement of the arbitration agreement between them. *See generally* ECF No. [24].

A hearing in front of Chief Magistrate Judge Edwin G. Torres took place on February 29, 2024 with respect to Defendant's Motion for Protective Order seeking a limited stay of discovery until resolution of its Motion to Compel. ECF Nos. [27], [28], [29]. Judge Torres granted the Motion. Plaintiff thereafter appealed and filed his Objection, ECF No. [34].

## II.  LEGAL STANDARD

### A.  Power to Stay Proceedings

This Court has the inherent power to stay proceedings in the interest of judicial economy and fairness. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

3

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. at 255. "In deciding whether to stay discovery pending resolution of a motion to dismiss . . . the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it "'appears to be clearly meritorious and truly case dispositive.'" *Koock v. Sugar & Felsenthal*, LLP, No.8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2020) (citing McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c).

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court in which such suit is pending, upon being satisfied that the issue . . . is referrable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.§ 3.

**B.  Appeal of a Magistrate Order**

A "magistrate judge's ruling on a non-dispositive matter must be affirmed unless 'it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co., Inc*., No. 12-CV-81397-KAM, 2015 WL 11921411, at *1 (S.D. Fla. July 6, 2015). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Martinez v. Miami Children's Health Sys., Inc.*, No. 21-CV-22700, 2023 WL 1954529, at *1 (S.D. Fla. Jan. 26, 2023). A finding is clearly erroneous only if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir.1997). "With respect to the 'contrary to law' variant of the test, an order is contrary to law

4

when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Sun Capital Partners*, 2015 WL 11921411, at *1. "[T]he 'clear error' exception must be rarely invoked." A prior ruling can be disregarded only when the legal error is beyond the scope of reasonable debate. "Needless to say this is a high bar." *Cox Enterprises, Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015).

### III.   DISCUSSION

#### A.  Delegation Provision in the Arbitration Clause

Defendant argues that Plaintiff agreed to "each and every term and condition" within his employment contract, embodied within the Seafarer's Agreement. ECF Nos. [19] at 1; [19-1] at 2. Defendant reasons the limited inquiry into this Court's jurisdiction to compel arbitration is satisfied. *Id*. at 3. Finally, Defendant maintains the arbitration agreement includes a delegation provision wherein "Plaintiff agreed to arbitrate the issue of arbitrability." ECF No. [19] at 1; [10-1] at 6. Defendant cites to the United States Supreme Court's decision for support that parties to an arbitration agreement may "arbitrate 'gateway' questions of 'arbitrability.' *See Rent-a-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). Defendant points out that Plaintiff has not claimed the Seafarer's Agreement is invalid, and if the Court finds the agreement is valid, a stay of the proceedings to compel arbitration is warranted. ECF No. [19] at 4.

Plaintiff responds that his single claim of an intentional tort is inherently not subject to arbitration, citing *Maglana, et al., v. Celebrity Cruises, Inc.*, No. 20-14206, 2022 WL 3134373 (11th Cir. 2022), and *Doe v. Princess Cruise Lines, Ltd.*, 657 F3d 1204 (11th Cir. 2011). In both *Doe* and *Maglana*, the Eleventh Circuit held the employment contracts in question did not require arbitration of the intentional infliction of emotional distress claims; *Doe* observed the "dispute must relate to, arise from, or be connected with" the services performed under the contract. *Doe*, 657 F.3d at 1217-18. Plaintiff then argues that, similar to *Doe* and *Maglana*, the facts supporting

5

his claim do not demonstrate foreseeability, and as the conduct in question does not relate to his employment, his intentional infliction of emotional distress claim is not subject to arbitration either. ECF No. [23] at 11. Plaintiff asserts the arbitration provision he agreed to is a disfavored "catch-all," and this Court should focus on foreseeability which is not subject to forced arbitration. *Id*. at 6.

Defendant replies that Plaintiff misconstrues its narrow request, which is only to find that "the responsibility of determining enforceability of the arbitration agreement belongs to an arbitrator." ECF No. [24] at 4. Defendant agues *Doe* and *Maglana* are distinguishable. Defendant points out that, in those cases, the defendant moved to compel arbitration so that an arbitrator could actually adjudicate the claims, whereas here, Defendant merely seeks a determination on arbitrability by an arbitrator. Next, Defendant points out that, in *Doe* and *Maglana,* the defendants did not raise the threshold issue of arbitrability, the issue was not before the district courts, and both invited clear error by waiting for an unfavorable ruling before raising the gateway issue of arbitrability. *Id*. at 3-4.

The Court agrees with Defendant. There is a valid arbitration agreement with a clear delegation provision that requires an arbitrator to determine arbitrability. Neither party disputes the existence of the arbitration agreement, which in pertinent part states:

> Arbitration. Except for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes, arising out of or in connection with this Agreement or Seafarer's service on the vessel, no matter how described, pleaded, or styled including but not limited to constitutional, statutory, common law, admiralty, personal injury, intentional tort, contract, equitable claims, claims of injury, medical and lodging benefits claims, inadequacy or improper care claims, or employment disputes, whether accruing prior to, during or after the execution of this Agreement, shall be resolved by final and binding arbitration on an individual basis. In addition, Seafarer agrees to arbitrate on an individual basis any and all disputes regarding the existence, validity, termination or enforceability of any term or provision in this Agreement, including but not limited to this provision to arbitrate.

ECF No. [19-1] ¶ 9.

Consistent with *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005), and pursuant to 9 U.S.C. § 2 and 9 U.S.C. § 201, this Court must compel arbitration. It is undisputed that: (1) an agreement in writing to arbitrate exists; (2) an arbitration provision within the territory of a signatory of the New York Convention, Panama and the Philippines is available; (3) the agreement arises out of a legal commercial relationship, the employment contract; and (4) Plaintiff is a citizen of India, showing a relation with a foreign state. *See Bautista*, 396 F.3d at 1294 n.7 (citations omitted). The satisfaction of those require this Court to compel arbitration. *Id*. Plaintiff addressed the *Bautista* factors, and stated Defendant as movant bears the burden to establish satisfaction of these factors but made no argument whether Defendant did so. ECF No. [23] at 5. The Court has determined that Defendant has satisfied those factors and Plaintiff provides no defense in response.

### i. Delegation Provision in the Arbitration Agreement

The arbitration agreement within the Seafarer's Agreement contains clear language that the gateway issue of arbitrability belongs to an arbitrator:

> In addition, Seafarer agrees to arbitrate on an individual basis any and all disputes regarding the existence, validity, termination or enforceability of any term or provision in this Agreement, including but not limited to this provision to arbitrate.

ECF No. [19-1] at 6.

As the Supreme Court held in *Henry Shein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63 (2019), "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue." *Id*. at 68. *See Rent-a-Center*, 561 U.S.C 63, 68-69 (2010) ("The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability.'"). If a valid arbitration agreement exists, then delegating "threshold arbitrability questions to the

arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence" is proper. *Shein*, 586 U.S. at 69 (citing *First Options, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

*First Options* addressed the bounds of clear and unmistakable evidence. There, the plaintiff failed to show that defendants "clearly agreed" to have the arbitrators agree the question of arbitrability by relying on "written memorandums objecting to the arbitrators' jurisdiction." 514 U.S at 946. The Supreme Court determined proof that the defendant engaged with the arbitrator to forcefully object to arbitration was insufficient to indicate a willingness to arbitrate. *Id*. Here, the Seafarer's Agreement is signed by both parties, and neither party disputes that it is valid and controls their legal relationship. Plaintiff also agreed to be bound by and accept all terms and conditions within the Seafarer's contract, including the delegation provision therein.

Plaintiff's main argument regarding the delegation provision is that it is a "catch-all" disfavored by courts, yet has not cited to any authority that calls into question the line of Supreme Court cases in support of arbitration provisions already addressed. At best, Plaintiff argues that he dislikes the provision, but has not put forth an argument that the provision does not exist or apply. As the delegation provision has not been specifically challenged, it is treated as valid pursuant to 9 U.S.C. §§2-4. *See Rent-a-Center*, 561 U.S. at 72. Challenges to the validity of the agreement are then left to present to the arbitrator. *Id*.

### ii. Application of *Doe* and *Maglana*

Plaintiff contends that *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (2011) establishes that intentional tort claims are not subject to arbitration. In *Doe*, the plaintiff brought ten claims against the defendant cruise line stemming from a sexual battery suffered while an employee aboard the defendant's vessel. Five of those were tort claims: false imprisonment, intentional infliction of emotional distress, spoliation of evidence, invasion of privacy, and fraudulent misrepresentation. *Id*. at 1211-12. The Eleventh Circuit determined the arbitration provision in

8

*Doe* had a limitation: to be arbitrable, the dispute between Doe and the cruise line "must relate to, arise from, or be connected with her crew agreement or employment services." *Id*. at 1217-18. The court held the sexual battery and subsequent tortious treatment by her employer clearly did not "arise from" her employment. Moreover, as "it is the language of the contract that defines the scope of disputes subject to arbitration," the court adhered to the to arbitration provision as written. *Id*. (citing *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20 (1991)). As written, there was no basis to send the battery and tort claims to arbitration under the contract. *Id*. at 1218.

Here, while Plaintiff cited a statement in *Doe* that the "arbitration provision is broad, but not limitless," *Doe* made clear that the limits of an arbitration agreement are based on written instrument. The court explicitly noted the provision's scope *could* have been more broadly written to cover "any and all disputes, claims, or controversies whatsoever" which "would have done it." *Doe*, 657 at 1218.

Plaintiff's reliance on *Maglana, et al., v. Celebrity Cruises, Inc.*, No. 20-14206, 2022 WL 334373 (11th Cir. 2022) is also misplaced. In *Maglana*, plaintiffs sued their former employer, a cruise line, for false imprisonment and intentional infliction of emotional distress when they were held on board the defendant's vessel at the onset of the COVID-19 pandemic. *Id*. at *1. They were not able to disembark or repatriate for weeks, and the conditions were poor. The district court determined but-for their employment, the intentional tort claims would not be viable, and the parties were directed to arbitrate. *Id*., at *3. The Eleventh Circuit reversed the district court's order compelling arbitration of the intentional infliction of emotional distress claim, upholding *Doe*, and noting "these claims are not 'an immediate, foreseeable result of the performance of the parties' contractual duties. . . as cruise line employees. As in *Doe*, the employment agreements do not require arbitration of the intentional tort claims." *Id*. at *1, *4 (citing *Doe*, 657 F.3d at 1219).

9

Neither *Doe* nor *Maglana* held that intentional torts have a carve-out precluding arbitration. Arbitrability was based on the "the scope of the parties' arbitration clause." *Id.*, at *5.

Moreover, unlike here, the defendant in *Maglana* did not rely on its delegation provision, and only raised the issue after it received an unfavorable ruling. *Maglana*, 2022 WL 31314373, at *3-4. A "party may not challenge as error a ruling invited by that party." (quoting, cleaned up *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 65 (11th Cir. 2013)). *Doe* did not address a delegation provision, nevertheless the Eleventh Circuit held that the challenge to the district court's denial of its motion to compel was a "non-starter because . . . it asked the district court to decide for itself whether the dispute was subject to arbitration." *Doe*, 65 F.3d at 1213.  Here, Defendant has consistently relied on the delegation provision in the Seafarer's Agreement, and there is no reasonable argument that it has waived its right to arbitration.

This Court has determined the arbitration clause in this case contains an express delegation provision, consistent with *Shein and Rent-a-Center*, requiring that the gateway issue of arbitrability to be decided by the arbitrator. The arbitrator may determine that Plaintiff's case or portions of it should be returned to a federal court, "quickly ruling that a claim is not in fact arbitrable." *Shein*, 586 U.S. at 71. However, pursuant to the Federal Arbitration Act 9 U.S.C. § 1 *et seq.*, this Court may not override the express delegation provision, and the claims must be heard by an arbitrator first.

### B.  Magistrate's Order and Appeal

Magistrate Judge Torres issued his Order Granting Defendant's Motion for Protective Order, permitting a limited stay pending resolution of Defendant's Motion to Compel, ECF No. [37][2]. Plaintiff filed an appeal. The Order noted "a stay may be forthcoming given the

---

[2] The Order exempted Rule 26 disclosures, of which both parties were required to comply. ECF No. [37] at 4.

unambiguous delegation agreement contained within the arbitration agreement" consistent with prevailing Eleventh Circuit holdings. *Id*. at 2. While Defendant's Motion to Compel is granted, mooting the issue of a limited stay on appeal, the Court reviews the merits of Plaintiff's Objection for completeness.

### iii. The Appeal

Plaintiff objects to the general reliance on *Henry Shein, Inc. v. Archer & White Sales Inc.*, 586 U.S. 63 (2019) which he claims is inapposite and has no application here. ECF No. [34] at 4. Plaintiff argues there was no "clear and unmistakable evidence" of his intent to delegate the question of arbitrability to an arbitrator as discussed in *Shein*. *Id*. Plaintiff cited to the arbitration agreement in the record, stating the delegation "provision altogether fails to address 'delegation' or the concept of 'arbitrability.'" *Id*.

Defendant responds that Plaintiff waived this argument as it was not raised in his Response to the Motion to Compel. ECF No. [36] at 6. Defendant also contends Plaintiff's argument is without merit because the delegation provision clearly states, "Seafarer agrees to arbitrate . . . the provision to arbitrate." *Id*. at 6.

The Court notes that Judge Torres determined the "unambiguous delegation agreement to arbitrate" exists requiring arbitration as a basis for his Order. ECF No. [37] at 2. Therefore, Plaintiff's appeal of this specific part of the Order is valid. However, Plaintiff failed to provide statutory, rule, or case authority to support his argument. S.D. Fla. L.R. Mag. 4(a)(1). For that reason alone, the objection is set to be overruled. Furthermore, a magistrate's ruling on a non-dispositive matter "must be affirmed unless 'it has been shown to be clearly erroneous or contrary to law.'" *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co., Inc.*, No. 12-CV-81397-KAM, 2015 WL 11921411, at *1 (S.D. Fla. July 6, 2015). This is an "extremely deferential" standard of review. *Martinez v. Miami Children's Health Sys., Inc.*, No. 21-CV-22700, 2023 WL 1954529, at *1 (S.D.

11

Fla. Jan. 26, 2023). Given the clear language of the delegation provision that Plaintiff was able to locate and cite to in his contract, Judge Torres' Order is not "clearly erroneous."

Next, Plaintiff argues *Shein* did not involve an unforeseeable intentional tort unrelated to underlying contract. ECF No. [34] at 5. Plaintiff then proceeds to re-raise arguments from his prior filings. Defendant notes this argument is essentially rehashed. *See generally* ECF No. [37].

Plaintiff's Objection is improper. The Local Rules provide for "written objections which shall specifically set forth the order, or part thereof, appealed from." L.R. Mag. 4(a)(1). While *Shein* was discussed at the hearing, it is not relied upon in the Order. Therefore, Plaintiff cannot show application of *Shein* in the Order is clearly erroneous or contrary to law.

Finally, Plaintiff argues a pending motion to compel arbitration does not relieve Defendant of discovery obligations. ECF No. [34] at 15. Plaintiff cites to *Montaya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617 (S.D. Fla. June 20, 2014), and *Jackson v. Anheuser-Busch InBev SA/NV LLC*, 20-cv-23392, 2021 WL 493959 (S.D. Fla. Feb. 10, 2021) for support that a stay pending a ruling of a motion to compel arbitration is unwarranted. Defendant responds that courts have broad discretion to stay discovery pending a motion to dismiss or other like motion. Fed. R. Civ. P. 26(c). Defendant relies on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-68 (11th Cir. 1997) and contends Judge Torres properly analyzed its chances of being granted its Motion to Compel as a basis for his Order. ECF No. [36] at 3.

The Court has assessed the record and case law and agrees with Judge Torres that a limited stay was proper. The cases Plaintiff relies upon to argue a limited stay is unwarranted, *Montaya* and *Jackson*, do not support a finding that Judge Torres' Order was clearly erroneous or contrary to law. In *Montaya*, the district court denied a motion to stay pending its ruling on motions to dismiss that were not fully briefed. 2014 WL 2807617, at *2. A preliminary review of the

incomplete briefings available in *Montaya* suggested the "motions may not be the 'slam-dunk' submissions the Defendants describe them to be." *Id*. Nor does *Jackson* support Plaintiff's argument. In *Jackson*, the court determined a stay was unwarranted for an *anticipated* motion to dismiss based upon an *anticipated* second amended complaint. 2021 WL, at *2. Such attenuation fell "well short of placing the court in a position to determine that [the motion] would be both granted and case dispositive." *Id*. at *2. Here, the Motion to Compel is fully briefed, and Judge Torres correctly determined prevailing case law in the Eleventh Circuit indicated a grant of the Motion to Compel may be forthcoming. Furthermore, it has long been held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Plaintiff has failed to show the Order was clearly erroneous or contrary to law. Plaintiff's Objection is overruled, and the Order is affirmed.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Arbitration and to Stay, **ECF No. [19]**, is **GRANTED.**

2. Defendant's Motion to Stay Discovery, **ECF No. [27] is DENIED as MOOT.**

3. The Order Granting Defendant's Motion for Protective Order, **ECF No. [37]**, is **AFFIRMED**.

4. Plaintiff's Objection, **ECF No. [34]**, is **OVERRULED**.

5. This case is **STAYED** pending resolution of arbitration.

6. The Clerk of Court shall **CLOSE** this case for administrative purposes only. Any party may move to reopen the case at the appropriate time.

7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all

pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 6, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record